GREGORY R. DEKUTOWSKI and NADIA DEKUTOWSKI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dekutowski v. Commissioner
Docket No. 10820-78.
United States Tax Court
T.C. Memo 1980-260; 1980 Tax Ct. Memo LEXIS 320; 40 T.C.M. (CCH) 695; T.C.M. (RIA) 80260; July 21, 1980, Filed *320 Gregory R. Dekutowski, pro se. Harry K. Friedman, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined the following deficiencies and additions to tax under section 6653(a): [1]/ Addition to Tax
Year
Deficiency
(sec. 6653(a))
1975
$1,059
$ 53
1976
5,039
252
The issues to be decided are as follows: 1. Whether petitioners are taxable on their earnings and other income which they purportedly transferred to a so-called family trust which they created. 2. Whether any part of the underpayment of tax for the years in controversy was due to negligence or intentional disregard of rules and regulations within the meaning of section 6653(a). FINDINGS OF FACT Petitioners Gregory R. Dekutowski (Gregory) and Nadia Dekutowski (Nadia) were legal residents of Wisconsin when they filed their petitions. They filed their joint Federal income tax returns for 1975 and 1976 with the Internal Revenue Service Center, Kansas City, *321 Missouri. On October 25, 1975, Petitioners created a trust referred to as the G & N System (A Trust), designating themselves, Luba Riesepow, and Robert A. Broncatti as trustees. The instrument they signed contained the following provisions: * * * [As] of THIS date, I hereby similarly and IRREVOCABLY convey by and through this conveying agreement, the exclusive use of my lifetime services to said Trust, including ALL my earned remuneration and ALL ancillary benefits and bonuses of whatsoever nature from ALL and ANY outside source which may be generated by said services, the same from THIS date forth being solely controlled, directed and owned in fee simple by said Trust, WITH THE EXCEPTION OF any benefits accruing to THIS CONVEYER from Social Security and/or any personally developed retirement benefits resulting from my direct remuneration as a Self Employed Person, e.g., Trust Manager of said Trust; and any applicable distributions to Unit Holders of said Trust; and, FURTHER EXCLUDING any "sick" benefits that may accrue to me from any outside source of employment, OR any recoverable moneys resulting from suits at law of whatsoever nature, OR insurance benefits resulting from *322 sickness or accident; and/or any death benefits, retirement benefits, pension benefits, profit sharing benefits that MAY ACCRUE TO ME from any and all outside sources of employment, with the understanding that when any or all applicable contributions made to the above mentioned "Funds" are, in the normal course of events, chargeable to THIS Grantor - Creator - Conveyer as earned and taxable income to ME, such moneys will be reported on my individual Form 1040, and said sums will NOT be included in THIS TRUST's reportable Gross Income as reportable on its Form 1041, * * *. Petitioners were the original beneficiaries of the trust.On November 1, 1975, petitioners had their certificates of beneficial interest reissued to their two daughters, Tania, who was 8 years of age at the time of the trial, and Michelle, 6 years of age at that time. Gregory was designated as "Trust Manager" and Nadia as "Trust Secretary," and they were authorized to draw checks on the trust's bank accounts. During the years in issue, Gregory worked for Rexnord, Inc., and Nadia worked for Consolidated Freightways. They turned their wages over to the trust and paid their personal expenses with funds from the *323 trust. After the trust was created, petitioners transferred their personal household belongings to the trust but continued to use them. In 1976, petitioners received a Wisconsin State tax refund of $54.17. During 1975 and 1976, income earned by petitioners in the amounts of $3,815.99 and $24,660.65, respectively, was not reported by petitioners but was reported by the trust. In the notice of deficiency, respondent determined that these amounts of earnings as well as the tax refund reported by the trust were taxable to petitioners. OPINION In a lengthening list of cases this Court has held that the so-called family trust arrangements are not effective for Federal income tax purposes to deflect taxpayers' earnings from themselves to the trusts. See. e.g., (Mar. 31, 1980), on appeal (10th Cir., June 2, 1980); (Mar. 31, 1980); ; Vnuk v. Commissioner, T.C. Momo. 1979-164, on appeal (8th Cir., Oct. 15, 1979); , affd. per order (7th Cir., June 7, 1978), *324 cert. denied . The Court has pointed out that a taxpayer's transfer of his past or future earnings is not effective to shield him from income tax on those earnings because it violates the basic principle that income is taxable to the one who earns it. As stated in : Attempts to subvert this principle by deflecting income away from the true earner to another entity by means of contractual agreements, however cleverly drafted, are not recognized as dispositive for Federal income tax purposes despite their validity under applicable State law. ; ; Accordingly, petitioners are taxable on the salaries or wages they earned notwithstanding the trust arrangement. We have also pointed out that the so-called family trusts are devoid of economic reality. In the instant case, for example, petitioners purported to transfer their personal property to the trust but they continued to use it. Petitioners deposited their earnings in the *325 trust bank accounts but they were authorized to draw checks on the accounts "in either their individual or official capacity" and without limitation as to the purpose for which the proceeds were used. The papers signed by petitioners served no real purpose other than attempted tax avoidance. We conclude, therefore, that all of the purported income of the trust, including the tax refund, was taxable to petitioners. Section 6653(a) [2]/ imposes a 5-percent addition to tax if any part of the underpayment of tax is due to negligence or intentional disregard of rules and regulations. We think the whole trust arrangement was merely a scheme to avoid taxes. Petitioners have failed to introduce any evidence to support a finding that respondent erred in his determination. The burden of proof rested with petitioners and they have failed to carry that burden. *326 To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue, unless otherwise noted.
2. / SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes.-- If any part of any underpayment (as defined in subsection (c)(1) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩